IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SUSAN BYERS, Individually; and
RACHEL HIGGINS, as Personal
Representatives of the Estate of Darelle
Byers, Deceased,

      Plaintiffs,

      vs.                                                                                             No. 19-cv-654 JAP/GBW

CENTRAL TRANSPORT, LLC;
GERARDO HERRERA-MONTOYA; and
MIKE'S TIRES & SERVICE, INC.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

On July 17, 2019, Defendants Central Transport, LLC and Gerardo Herrera-Montoya (collectively, "CT Defendants") invoked the doctrine of fraudulent joinder with regards to non-diverse Defendant Mike's Tires & Services, Inc. ("Mike's Tires") and filed a notice ("Second Notice of Removal") removing the case from state court to federal court on the basis of diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441(a).[1] This is CT Defendants' second attempt to invoke the doctrine of fraudulent joinder to remove the case from state court to federal court.[2]

On August 27, 2019, Plaintiffs filed a Motion for Remand requesting that the Court remand the case to state court a second time.[3] The Motion for Remand is fully briefed.[4] Shortly after

---

[1] *See* NOTICE OF REMOVAL (Doc. No. 1).
[2] *See Byers et al v. Central Transport LLC et al*, Case No. 19-cv-107 JAP/GBW, NOTICE OF REMOVAL (Doc. No. 1); MEMORANDUM OPINION AND ORDER ("Mem. Op. and Order") (Doc. No. 15).
[3] *See* PLAINTIFFS' SECOND MOTION FOR REMAND ("Motion for Remand") (Doc. No. 6).
[4] *See* DEFENDANTS CENTRAL TRANSPORT'S AND GERARDO HERRERA-MONTOYA'S RESPONSE TO PLAINTIFFS' SECOND MOTION FOR REMAND, ECF 6 ("Response") (Doc. No. 9); PLAINTIFFS' REPLY IN SUPPORT OF THEIR SECOND MOTION FOR REMAND (Doc. No. 11).

Plaintiffs filed their Motion for Remand, Mike's Tires moved to dismiss Plaintiffs' single claim against it under Federal Rule of Civil Procedure 12(b)(1).[5] The Court will grant Plaintiffs' Motion to Remand. Because the Court concludes that it lacks subject matter jurisdiction over this case, the Court will not address Mike's Tires' Motion to Dismiss.

## BACKGROUND

On July 17, 2018, Plaintiffs Darelle and Susan Byers filed a civil action in New Mexico state court seeking damages for negligence resulting in personal injury against Defendants Central Transport, LLC, Gerardo Herrera-Montoya, and Mike's Tires. Doc. No. 1 at ¶ 5; ORIGINAL COMPLAINT, Doc. No. 1-2. The claims arise out of a collision that occurred on June 29, 2018, on Interstate 10 in New Mexico between a Central Transport tractor-trailer operated by Defendant Herrera-Montoya and the vehicle driven by Darelle Byers in which his wife Susan was a passenger. *See* Doc. No. 1 at ¶ 6. Plaintiffs allege that Defendant Mike's Tires had performed work on the Byers' vehicle and missed a defect that contributed to the vehicle stalling. *Id.* at ¶ 7. Plaintiffs aver that this caused Mr. Byers to attempt to move to the highway's shoulder to restart the vehicle, at which time the truck operated by Defendant Herrera-Montoya struck the Byers' vehicle from the rear. *Id.* Sometime after filing the complaint, Darelle Byers died. As a result, on December 11, 2018, Plaintiffs filed their First Amended Complaint, substituting Plaintiff Rachel Higgins as Personal Representative of the Estate of Darelle Byers for Plaintiff Darelle Byers, and adding a wrongful death claim. *See* FIRST AMENDED COMPLAINT, Doc. No. 1-16.

---

[5] MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT [ECF 1-16] FROM MIKE'S TIRES & SERVICE, INC. ("Motion to Dismiss") (Doc. No. 8); *see also* PLAINTIFFS' RESPONSE TO DEFENDANT MIKE'S TIRES & SERVICE, INC.'S MOTION TO DISMISS (Doc. No. 13); REPLY TO PLAINTIFFS' RESPONSE TO MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT [ECF 1-16] FROM MIKE'S TIRES & SERVICES, INC. (Doc. No. 14).

On February 8, 2019, CT Defendants invoked the doctrine of fraudulent joinder and removed the case from state court to federal court under 28 U.S.C. §§ 1332 and 1441(a).[6] *See* Case No. 19-cv-107, NOTICE OF REMOVAL, Doc. No. 1. On February 15, 2019, Defendant Mike's Tires filed a motion under Federal Rule of Civil Procedure 12(b)(1), also based on fraudulent joinder, asking the Court to dismiss any claims in the First Amended Complaint against Mike's Tires and to terminate Mike's Tires as a defendant for lack of subject matter jurisdiction. Case No. 19-cv-107, MOTION TO DISMISS PLAINTIFF'S [sic] FIRST AMENDED COMPLAINT FROM DEFENDANT MIKE'S TIRES, Doc. No. 5. On May 21, 2019, the Court held that CT Defendants did not meet their burden of establishing fraudulent joinder and remanded the case to the First Judicial District Court, County of Santa Fe, State of New Mexico. *See* Mem. Op. and Order at 13. CT Defendants have now attempted to remove this case for a second time. Doc. No. 1.

## **LEGAL STANDARD**

Section 1446(b) permits a party to file a second notice of removal if subsequent pleadings or events reveal a new and different basis for removal. *See* 28 U.S.C. 1446(b)(3); *see, e.g.*, *In re Diet Drugs*, 282 F.3d 220, 232 n.8 (3rd Cir. 2002) ("The removal statute . . . does not categorically prohibit the filing of a second removal petition following remand . . . . [i]f subsequent pleadings or conduct by the parties or various other circumstances brings a case that was not previously removable within the removal jurisdiction of the federal courts." (internal citations and quotation marks omitted)); *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996) ("The prohibition against removal 'on the same ground' does not concern the theory on which federal

---

[6] Defendant Mike's Tires never joined in or consented to removal as required by statute. *See* 28 U.S.C. § 1446(b). Nevertheless, "nominal, unknown, unserved, or fraudulently joined defendants" need not consent to removal. *McShares, Inc. v.* Barry, 979 F. Supp. 1338, 1342 (D. Kan. 1997). Consent is required only if Mike's Tires was "properly joined." *See* § 1446(b)(2)(A).

3

jurisdiction exists (i.e., federal question or diversity jurisdiction), but rather the pleading or event that made the case removable." (citing *O'Bryan v. Chandler*, 496 F.2d 403, 410 (10th Cir. 1974)). The United States Supreme Court has explained that

> if, after an order to remand has been made, it results, from the subsequent pleadings or conduct of the parties to the cause, that the cause is removable, on the development of such situation a second application to remove may be made, and the right to do so because of the changed aspect is not controlled by the previous order remanding the cause.

*Fritzlen v. Boatmen's Bank*, 212 U.S. 364, 372 (1909). Thus, once a federal court remands a case to state court, the law precludes a defendant from seeking a second removal on the same grounds. *See id.*

CT Defendants claim that additional evidence obtained through discovery further "demonstrates a complete lack of evidence to support Plaintiffs' negligence claims against Mike's Tires." Doc. No. 1 at ¶ 20. CT Defendants also note that, based on this lack of evidence, Mike's Tires filed a motion for summary judgment in state court seeking dismissal of Plaintiffs' action against it. *Id.* at ¶ 18. Finally, CT Defendants have introduced an affidavit of Ralph C. Callaway, a friend of Susan and Darelle Byers, which CT Defendants allege demonstrates actual fraud on the part of Plaintiffs to conceal information. *Id.* at ¶¶ 24, 26; see also AFFIDAVIT OF RALPH C. CALLAWAY, Doc. No. 1-62.

## **DISCUSSION**

CT Defendants removed this case under 28 U.S.C. § 1332(a) on the ground that this Court has diversity jurisdiction. To invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000." *Symes v. Harris*, 472 F.3d 754, 758 (10th Cir. 2006). "Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant." *Dutcher v.*

4

*Matheson*, 733 F.3d 980, 987 (10th Cir. 2013). The parties do not dispute that the amount in controversy here exceeds $75,000. Doc. No. 1, ¶ 46; Mem. Op. and Order at 4. But both Plaintiffs and Defendant Mike's Tires are New Mexico citizens. Doc. No. 1, ¶ 4; Doc. No. 1-16 at ¶¶ 3–7. Accordingly, as pleaded in the First Amended Complaint, complete diversity does not exist in this case.

Nevertheless, "[a] district court may disregard a nondiverse party named in the state court complaint and retain jurisdiction if joinder of the nondiverse party is a sham or fraudulent." *Baeza v. Tibbetts*, Case No. 06-cv-0407 MV/WPL, 2006 WL 2863486, *7 (D. N.M. July 7, 2006). For the second time, CT Defendants urge the Court to find that Plaintiffs fraudulently joined Mike's Tires in an attempt to avoid federal jurisdiction. "To establish [fraudulent] joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Dutcher*, 733 F.3d at 988 (alteration in original). Under both methods, "[t]he defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *Id.* Further, "fraudulent joinder, like any other allegation of fraud, must be pleaded with particularity and proven with certainty. It cannot be inferred from a mere misjoinder of parties or causes of action." *McLeod v. Cities Serv. Gas Co.*, 233 F.2d 242, 246 (10th Cir. 1956). Finally, the Court is instructed that it should "pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Dodd v. Fawcett Publications*, 329 F.2d 82, 85 (10th Cir. 1964) (citations omitted). Here, CT Defendants seek to establish fraudulent joinder by both methods. CT Defendants claim that evidence discovered in the state court proceeding supports their second removal to federal court.

A. Ability to establish state cause of action

First, CT Defendants assert that there is a complete dearth of evidence supporting Plaintiffs' negligence claim against Mike's Tires. *See* Doc. No. 1 at ¶ 25. But the lack of evidence is not the same as evidence affirmatively proving fraudulent joinder, which CT Defendants need to succeed in their second removal attempt. *See Fritzlen*, 212 U.S. at 372. Further, on the evidence previously before the Court, the Court identified issues of fact that, if resolved in favor of Plaintiffs—*see Dutcher*, 733 F.3d at 988—would preclude a finding of fraudulent joinder. *See* Mem. Op. and Order at 8–12. And CT Defendants have not produced *any* new evidence that would support a finding of fraudulent joinder now. Indeed, CT Defendants point to portions of Mrs. Byers' deposition testimony[7] and Mike's Tires responses to interrogatories[8] which purportedly show that: (1) Mrs. Byers has no factual knowledge to support Plaintiffs' negligence claim against Mike's Tires; and (2) Mike's Tires did not perform work on the Byers' vehicle in the two years before the accident.

These factual assertions, however, are simply a rehashing of contentions CT Defendants made in their previous removal attempt and that were rejected by the Court. *See* Mem. Op. and Order at 8–12. For example, The Court noted in the Mem. Op. and Order that CT Defendants had argued that Mrs. Byers' discovery responses "demonstrate that there is no evidence or cause of action" against Mike's Tires. Mem. Op. and Order at 9. The Court held—contrary to CT Defendants' position—that Mrs. Byers' "responses to Defendants' interrogatories are insufficient to demonstrate that Plaintiffs could not possibly recover against Defendant [Mike's Tires] in state court." *Id.* Importantly, Mrs. Byers' declined to provide any detail about the alleged work Mike's

---

[7] *See* DEPOSITION OF SUSAN BYERS (Doc. No. 1-59).
[8] *See* DEFENDANT MIKE'S TIRES & SERVICE'S OBJECTIONS, ANSWERS, AND RESPONSES TO PLAINTIFF SUSAN BYERS INDIVIDUALLY'S FIRST SET OF INTERROGATORIES, FIRST SET OF REQUESTS FOR PRODUCTION, AND FIRST SET OF REQUESTS FOR ADMISSION (Doc. No. 1-61).

Tires performed on the Byers' vehicle and referred Defendants to the facts contained in the First Amended Complaint. *Id.* at 8. Based on the facts as alleged in the First Amended Complaint, the Court concluded that CT Defendants failed to establish fraudulent joinder. Similarly, here, CT Defendants rely on Mrs. Byers' deposition testimony which purports to show that she has no knowledge supporting her claim. But Mrs. Byers' testimony establishes that Mr. Byers oversaw the vehicle maintenance for their family. Doc. No. 1-61 at 180:8–11. Mrs. Byers also recalls that the last time Mr. Byers took their vehicle to Mike's Tires was for "maintenance and tires." *See id.* at 182:20–25, 183:7–13. The Court previously identified an issue of fact regarding the scope of the services Mike's Tires provided to the Byers. *See* Mem. Op. and Order at 11.[9] Mrs. Byers' deposition testimony confirms that this factual issue remains. Further, these facts do not contradict any allegations made in the First Amended Complaint, which the Court has already concluded does not support a finding of fraudulent joinder for failure to establish a cause of action. The same is true now.

Further, the Court previously discussed Mike's Tires General Manager Manny Jaure's declaration, in which Mr. Jaure stated that Mike's Tires "has not provided general vehicle maintenance services for at least five years, but rather, has limited its services to 'tire sales and service, brake service, and an occasional oil change.'" *Id.* at 10. Mr. Jaure also declared "that he does not recall working on the Byers' vehicle, has never heard of one of his employees working on the vehicle, and that there are no records at MTSI indicating that the Byers' vehicle was ever

---

[9] The Court explained,
> [t]he portion of Mr. Jaure's declaration indicating that he does not remember ever servicing the Byers' vehicle, nor has he heard of a[ ] [Mike's Tires] employee servicing the vehicle, merely highlights facts that are in dispute and does not establish that Plaintiffs could not possibly recover on their state court claims against [Mike's Tires]. In fact, Mr. Jaure's declaration is directly controverted by Ms. Byers' declaration. In that declaration, Ms. Byers attests to the fact that the Byers' vehicle that was involved in the crash was "serviced and maintained on multiple occasions" by [Mike's Tires].

Mem. Op. and Order at 11.

serviced by [Mike's Tires]." *Id.* The Court held that Mr. Jaure's declaration "merely highlights facts that are in dispute and does not establish that Plaintiffs could not possibly recover on their state court claims against [Mike's Tires]." *Id.* The same is true for Mike's Tires' discovery responses. The responses lay out the same facts that allegedly support fraudulent joinder and that the Court rejected in its Mem. Op. and Order—i.e., that Mike's Tires has not worked on the Byers' vehicle for years prior to the accident. Like before, these allegations emphasize factual disputes that the Court must resolve in favor of Plaintiff. CT Defendants may not seek removal for a second time on the same grounds as before. *See Fritzlen*, 212 U.S. at 372.[10]

### B. Actual Fraud

Next, CT Defendants produce the affidavit of Ralph C. Callaway, a friend of Susan and Darelle Byers, which CT Defendants allege demonstrates actual fraud on the part of Plaintiffs. Doc. No. 1 at ¶ 24; Doc. No. 1-62. The affidavit states in relevant part:

> Sue said to me several times that she didn't understand why Mike's Tires and Service was a defendant in this case, and she indicated she had no information about how Mike's Tires and Service could be responsible for the accident. Sue said that the only time she and Darelle took their pickup . . . to Mike's Tires and Service was for tires or to have tires fixed.

---

[10] Although not directly relevant to the Court's current analysis, CT Defendants suggest that the Court relied on an incorrect legal standard in its Mem. Op. and Order addressing CT Defendants' first removal attempt. *See* Resp. at 2, n.3. CT Defendants urge the Court to adopt the standard for the "cause of action" test articulated in *Nerad v. AstraZeneca Pharm., Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006). In that unpublished order and judgment, the panel explained that "the court must decide whether there is a reasonable basis to believe the plaintiff might succeed in at least one claim against the non-diverse defendant." *Id.* "A 'reasonable basis' means just that: the claim need not be a sure-thing, but it must have a basis in the alleged facts and the applicable law." *Id.* While the Court may rely on unpublished Tenth Circuit cases for their persuasive value, the Court believes that the articulation in *Nerad* is at odds with published Tenth Circuit authority that requires issues of removability be proven with "complete certainty." *Smoot v. Chicago, R.I. & P. R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967). The Court is bound by published opinions of the Tenth Circuit and thus declines to adopt the "reasonable basis" approach advocated for by CT Defendants. The Court hereby incorporates its analysis of the "cause of action" test as described in the Court's Mem. Op. and Order.

Doc. No. 1-62. Based on those statements, CT Defendants aver that Plaintiffs engaged in bad faith by joining Mike's Tires and did so to prevent removal. On that basis, CT Defendants claim that Plaintiffs and their counsel engaged in actual fraud.

CT Defendants, however, forget that Mrs. Byers testified that her husband was responsible for the vehicle's maintenance and service, that he took the vehicle to Mike's Tires for maintenance and tires, and that he paid Mike's Tires in cash. *See* Doc. No. 1-59. Thus, a factual dispute exists that the Court, again, must resolve in favor of Plaintiffs. *Dutcher*, 733 F.3d at 988; *see also Fajen v. Found. Reserve Ins. Co., Inc.,* 683 F.2d 331, 333 (10th Cir. 1982) ("Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." (internal citations omitted)). Assuming that Mike's Tires did perform maintenance work on the Byers' vehicle, the Court concludes that CT Defendants' bad faith-actual fraud allegation fails. Indeed, if Mike's Tires performed maintenance on the vehicle, Plaintiffs may have a valid negligence claim against Mike's Tires. *See* Mem. Op. and Order at 6–12. When viewing the relevant facts and law in favor of Plaintiffs, the Court cannot say with complete certainty that a claim against Mike's Tires does not exist. *Id.* at 12. Accordingly, CT Defendants have not met their burden of establishing fraudulent joinder, and removal to federal court is improper.

The Court lacks subject matter jurisdiction over this case, and consequently the Court will not address Defendant Mike's Tires' Motion to Dismiss (Doc. No. 8). *See Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005) ("A court may not . . . exercise authority over a case for which it does not have subject matter jurisdiction.").

IT IS THEREFORE ORDERED THAT Plaintiffs' Second Motion for Remand (Doc. No. 6) is GRANTED and this case and Plaintiffs' claims against Defendants Central Transport, LLC, Gerardo Herrera-Montoya, and Mike's Tires & Service, Inc. in the First Amended

Complaint are remanded to the First Judicial District Court, County of Santa Fe, State of New Mexico.

/s/ James A. Parker
SENIOR UNITED STATES DISTRICT JUDGE